UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,         **MEMORANDUM & ORDER**
                                                08-CV-02632 (KAM)
                Plaintiff,

        -against-

RICHARD BOLDING, CYNTHIA MORRIS BOLDING,
And EDDIE AND TANYA KARIM, INDIVIDUALLY
AND AS EXECUTORS FOR THE ESTATE OF
JASMINE KARIM,

                Defendants.
----------------------------------X
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak") filed this declaratory judgment action against Defendants, Richard Bolding and Cynthia Morris Bolding (collectively referred to as the "Boldings"), and Defendants, Eddie and Tanya Karim, individually and as executors for the Estate of Jasmine Karim (collectively referred to as the "Karims"). Charter Oak seeks a declaration that the Boldings and the Karims failed to give Charter Oak timely notice of the accident that resulted in Jasmine Karim's death ("Accident"), and, as such, there is no coverage under the Charter Oak Policy in connection with the Accident and any potential ensuing claim or action by the Karims against the Boldings. The Boldings and the Karims were properly served with summonses and a complaint, and have not answered or otherwise appeared in this case. The

1

Clerk of the Court noted the default of the Boldings and the Karims on December 11, 2008. Charter Oak now moves for a default judgment against the Boldings and the Karims. (*See* Plaintiff's Motion for Default Judgment ("Pl. Mot."), Doc. Entry No. 18.) The Boldings and the Karims have not filed any appearance or submission in this action.

## BACKGROUND

The following facts are undisputed. Charter Oak issued Homeowners Policy 979389356 633 1 to the Boldings at their residence premises for the policy period December 21, 2006 to December 21, 2007 ("Policy"). (Pl. Mot. Attach. No. 8, Kirisits Aff. at ¶ 2 ("Kirisits Aff."), Ex. 1.) The policy identifies the "Location of Residence Premises," 66 E. Hook Cross Road, Hopewell Junction, New York, as the subject premises ("subject premises"). (*Id.* at ¶ 3, Ex. 1.) The policy generally provides liability coverage of up to $300,000 for damages from bodily injury or property damage caused by an "occurrence." (*Id.* at ¶¶ 2-3, Ex. 1.) The policy defines "occurrence" as "an accident, including exposure to conditions which results, during the policy period, in . . . bodily injury . . . or . . . property damage." (*Id.* ¶ 4, Ex. 1.)

The Boldings' policy includes a condition precedent to coverage as follows:

> **SECTION II – CONDITIONS**
> ***
> **3. Duties After Loss.** In case of an accident or occurrence, the insured shall perform the following duties that apply. You will help us in seeing that these duties are performed:
> **a.** give written notice to us or our agent as soon as is practical, which sets forth:
>     (1) the identity of the policy and the insured;
>     (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and (c) names and addresses of any claimants and witnesses;
> ***

(*Id.* at ¶ 5; Pl. Ex. 1.)

On June 2, 2007, the Boldings hosted a party at their home, the subject premises. (*See* Kirisits Aff. at ¶ 9.) The Karims and their minor daughter, Jasmine Karim, were guests at the Boldings' party. (*Id.*) Jasmine Karim drowned in an in-ground swimming pool at the subject premises during the Boldings' party. (*Id.*) After being placed on life support at the hospital, Jasmine Karim died the following week as a result of the Accident. (*Id.* at ¶ 10.) The Boldings and the Karims were aware of the Accident on June 2, 2007 and the subsequent death of Jasmine Karim the week after. (*Id.* at ¶ 11.)

The Boldings first notified Charter Oak of the accident on March 14, 2008, over nine months after the Accident and Jasmine Karim's death. (*Id.* at ¶ 12.) The Karims have not

3

inquired about the Boldings' insurance coverage nor have they contacted Charter Oak regarding the Accident. (*Id*.) By letter dated April 21, 2008, Charter Oak disclaimed coverage to the Boldings based on untimely notice and to the Karims based on their failure to provide timely notice of the Accident. Charter Oak has not represented that the Boldings are seeking coverage for the Accident. (*See* Pl. Mot.)

On July 2, 2008, Charter Oak commenced this action, seeking a declaration that the Boldings and the Karims did not give Charter Oak timely notice of the Accident, the policy's condition precedent for coverage, and, as a result, there is no coverage under the Charter Oak policy in connection with the Accident and any ensuing claim or action by the Karims against the Boldings. (*See* Pl. Mot., Engeldrum Aff. at ¶ 3 ("Engeldrum Aff."), Ex. A.) On July 17, 2008, the Boldings were served with summonses and a complaint. (Engeldrum Aff. at ¶ 4.) On July 29, 2008, affidavits of service evidencing service upon the Boldings were filed with the Court. (Engeldrum Aff. at ¶ 4, Ex. C.) On September 19, 2008, a letter notifying the Boldings that they are in default, along with copies of the summonses and complaint in this action and affidavits of service, were sent by certified mail to the Boldings. (Engeldrum Aff. at ¶ 5, Ex. C.) The letter requested that the Boldings answer Charter Oak's complaint by October 6, 2008. (Engeldrum Aff. at ¶ 5, Ex. C.)

4

To date, the Boldings have not answered Charter Oak's complaint, or otherwise appeared in this action. (Engledrum Aff. at ¶ 5.)

On September 27, 2008, the Karims were served with summonses and a complaint. (Engledrum Aff. at ¶ 6.) On October 8, 2008, affidavits of service evidencing service upon the Karims were filed with the Court. (Englerum Aff. at ¶ 6; Pl. Ex. D.) On November 5, 2008, a letter notifying the Karims that they are in default along with copies of the summonses and complaint in this action and affidavits of service were sent to the Karims by certified and first class mail. (Engledrum Aff. at ¶ 7; Pl. Ex. E.) The letter requested that the Karims answer Charter Oak's complaint by November 21, 2008. (Engledrum Aff. at ¶ 7; Pl. Ex. E.) To date, the Karims have not answered Charter Oak's complaint, or otherwise appeared in this action.

On December 11, 2008, upon Charter Oak's request, the Clerk of the Court noted the default of the Boldings and the Karims pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Engledrum Aff. at ¶ 10; Pl. Ex. F.) Pending before this court is Charter Oak's motion for entry of a default judgment against the Boldings and the Karims.

## **DISCUSSION**

Before addressing the merits of Charter Oak's motion for default judgment, the court raises, *sua sponte*, the threshold question of whether the court has subject matter

5

jurisdiction over this proceeding.  *See* Fed. R. of Civ. P. 12(h)(3).  The question of subject matter jurisdiction is "the first and fundamental question . . . [that] the court is bound to ask and answer."  *Steel C. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (citation and internal quotations omitted).  "Without jurisdiction, the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id.*  (citation and internal quotations omitted).  For the following reasons, the court finds that it lacks subject matter jurisdiction because a "case or controversy," as understood by Article III, Section II of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not exist.

Under Article III, Section II of the United States Constitution, the subject matter jurisdiction of the federal courts extends only to cases or controversies.  *See* U.S. Const. Art. III § 2.  For a case to qualify for federal-court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (citation and internal quotations omitted).  A court's judgment must resolve "a real and substantial controversy

admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation and internal quotations omitted). The power of the federal judiciary has not been extended to advisory opinions nor "'to decide questions that cannot affect the rights of litigants in the case before them.'" *Id*. (citation omitted). A justiciable controversy must be "distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co.*, 300 U.S. at 240-241 (citation omitted). The possibility of a future controversy between parties in certain contingencies is insufficient to establish a controversy. *Indem. Ins. Co. of North America v. Kellas*, 173 F.2d 120, 124 (1949). A plaintiff asserting jurisdiction bears the burden of proof by a preponderance of evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, Charter Oak seeks a declaratory judgment. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a court has the power to issue declaratory relief "in a case of actual controversy within its jurisdiction." The Declaratory

Judgment Act states, in relevant part, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] The Declaratory Judgment Act is "operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co.,* 300 U.S. at 240.

In light of the foregoing, the court finds that there is no "case or controversy" and, therefore, it lacks subject-matter jurisdiction. *See FSP, Inc. v. Societe Generale*, 02-CV-4786 (GBD), 2003 U.S. Dist. Lexis 493, at *13 (S.D.N.Y. Jan. 14, 2003) (holding that an action seeking a "declaration regarding defendant's obligation to defend and indemnify plaintiff with regard to potential, unfiled claims, and seek[ing] reimbursement for losses arising from eight filed actions and future, anticipated claims" is not justiciable); *see also Selective Ins. Co. v. Oliveira Building Contractors, LLC,* 07-CV-918 (JCH), 2009 U.S. Dist. Lexis 41660, at *10 (D. Conn. May 18, 2009) (denying plaintiff's motion for summary judgment as moot because there was no longer a live controversy between the plaintiff and

---

[1] The Declaratory Judgment Act does not "supply an independent ground for subject matter jurisdiction." *AARP v. 200 Kelsey Associates, LLC*, 06-CV-81 (SCR), 2009 U.S. Dist. Lexis 969, at *9 (S.D.N.Y. Jan. 6, 2009). Therefore, "an action for declaratory relief under the Act may ordinarily be brought only if subject matter jurisdiction would exist in a coercive action between the parties." *Id*. at *9-10 (quotation omitted).

8

defendants where the claims were dismissed pursuant to the parties' stipulation). In its complaint, Charter Oak requests that the Court enter a judgment:

> a) Declaring that notice to Charter Oak was late as a matter of law;
>
> b) Declaring that there is no coverage under the policy for the Accident and any resulting underlying action;
>
> c) Declaring that Charter Oak has no duty to defend or to indemnify the Boldings in connection therewith;
>
> d) Awarding such other and further relief the Court may deem just and proper.

(Compl. at 5.) However, based on the record before the Court, the Boldings and the Karims have not instituted an underlying suit, or taken any other action stemming from the Accident, aside from the Boldings giving Charter Oak notice thereof. Therefore, Charter Oak's claim rests on its potential duty to defend or indemnify the Boldings in the event that the Karims file a claim in connection with the Accident, a future event that may or may not occur. *See Texas v. United States*, 523 U.S. 296, 300 (1998). The duty to defend is legally distinct from the duty to indemnify, and the court addresses each in turn.

Although claims concerning a "duty to defend against *pending* actions are generally justiciable," there is "no duty to defend against any actions that do not currently exist." *FSP, Inc.*, 2003 U.S. Dist. Lexis 493 at *13-14. (emphasis added). In

9

the action before the court, there is no underlying suit regarding the Accident; therefore, there is no duty to defend on the part of Charter Oak. Charter Oak's "expectation of future actions is speculative, and does not give rise to an actual controversy." *FSP, Inc.*, 2003 U.S. Dist. Lexis 493 at *14. In the absence of an actual controversy, the Court lacks subject-matter jurisdiction.

Similarly, Charter Oak's expectation of a potential claim for indemnification does not give rise to an actual controversy. *Id.; see also The New York Guardian Mortgage Group v. Cleland,* 473 F. Supp. 409, 418 (S.D.N.Y. 1979). Claims involving "indemnification obligations [] are not ripe for adjudication until liability has been imposed upon the party to be indemnified." *FSP, Inc.*, 2003 U.S. Dist. Lexis 493, at *13 (quotation omitted). Where an underlying suit is lacking, "federal courts generally decline to award declaratory relief in indemnification actions." *Solow Building Co., LLC v. ATC Assocs., Inc.*, 388 F. Supp. 2d 136, 139 (E.D.N.Y 2005).

To date, there is no underlying action between the Boldings and the Karims to defend a claim of indemnification for any liability imposed upon Charter Oak. By Charter Oak's own admission, the Karims "never inquired about the Boldings' insurance coverage, and the Karims never contacted Charter Oak regarding the Accident. (Kirisits Aff. at ¶ 12.) Indeed, the

Boldings and the Karims have not filed any proceedings nor have they appeared in this action at any time (Pl. Mot. Attach. No. 9 at 2-3.), indicating a lack of interest in pursuing an action related to the Accident. On this record, Charter Oak has not shown that this action involves parties with adverse legal interests.

Based on the foregoing, the court finds that even if the "makings of a potential controversy" exist, they are insufficient to meet the case or controversy requirement. *See Indem. Ins. Co. of North America,* 173 F.2d at 124. Whether Charter Oak will be held liable in the future is speculative and does not qualify as a "question of 'sufficient immediacy and reality' to warrant the issuance at this time of a declaratory judgment." *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993); *see also Millennium Capital Markets LLC et. al. v. U.S. Nat'l Corp.*, 97-CV-8397 (RPP), 1999 U.S. Dist. Lexis 7221, at *18 (S.D.N.Y. May 13, 1999) (holding that "absent evidence or an allegation in the complaint that any [] party has demanded payment from plaintiff[], it cannot be said that there is a current live controversy between plaintiff[] and defendants concerning liability for the fees in question"). Because the court lacks subject matter jurisdiction over Charter Oak's claim seeking declaratory relief as to indemnification, it does not reach the merits of Charter Oak's claim.

Finally, in the context of declaratory actions, the Second Circuit requires the district courts to consider: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade Inc. v. St. Paul Fire and Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted). If either of the two objectives is achieved, a failure to entertain the action would be an error. *See Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969). In the absence of a live controversy, the court cannot conclude that either of the two objectives of a declaratory judgment articulated by the Second Circuit will be achieved. The declaration sought by Charter Oak will not clarify nor settle the legal issues, as it is not clear that there are issues to clarify or settle, nor will it terminate the non-existent controversy giving rise to the proceeding.

To grant declaratory relief in this action would run afoul of Article III. Accordingly, because the court lacks subject matter jurisdiction over Charter Oak's claim, the case is dismissed without prejudice and the court does not reach the merits of Charter Oak's motion for default judgment.

## CONCLUSION

As set forth above, this action is dismissed without prejudice for lack of subject matter jurisdiction. The court does not reach the merits of plaintiff's motion for default judgment. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

**SO ORDERED.**
Dated: Brooklyn, New York
October 1, 2009

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York